United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51331
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRICK WAYNE HOOF,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-94-ALL
---------------------

Before GARZA, DeMOSS and CLEMENT, Circuit Judges

PER CURIAM:[*]

Cedrick Wayne Hoof appeals his conviction and sentence for possession of five or more grams of cocaine base in violation of 21 U.S.C. § 844(a). Hoof argues that the district court erred in denying his motion to suppress because the discovery of the cocaine base was the product of an unconstitutional search and seizure.

Texas Department of Public Safety Trooper Christopher McGuairt stopped Hoof on Interstate Highway 10 for speeding and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following too close to another vehicle.  During the course of the traffic stop, Trooper McGuairt made multiple inquiries into Hoof's travel plans and background.  After issuing Hoof a citation for speeding and a warning for following too close behind another vehicle, McGuairt requested and received permission to search Hoof's car and person.  McGuairt's search resulted in the discovery of the cocaine base in question.  Hoof argues that McGuairt's failure to confine his questioning to the purpose of the traffic stop unreasonably extended Hoof's detention and violated his Fourth Amendment rights.

"When reviewing a district court's grant or denial of a motion to suppress evidence as obtained in violation of the Fourth Amendment, we review a district court's factual determinations for clear error and its ultimate Fourth Amendment conclusions *de novo.*"  United States v. Gonzalez, 328 F.3d 755, 758 (5th Cir. 2003).  We view the evidence in the light most favorable to the prevailing party.  Id.

The district court did not err in determining that Trooper McGuairt did not extend the detention beyond the valid traffic stop.  "Once the purpose of a valid traffic stop has been completed and an officer's initial suspicions have been verified or dispelled, the detention must end unless there is additional reasonable suspicion supported by articulable facts."  Gonzalez, 328 F.3d at 758. Based on Hoof's driving behavior, shaking hands, failure to maintain eye contact, gestures, and responses to

Trooper McGuairt's questions, Trooper McGuairt developed a reasonable suspicion of criminal activity supported by articulable facts justifying Hoof's detention beyond issuance of the speeding citation.  See United States v. Brigham, 382 F.3d 500, 506-12 (5th Cir. 2004) (en banc); Gonzalez, 328 F.3d at 758-59.

As Trooper McGuairt's questioning did not violate the Fourth Amendment, Hoof's consent to the search of his vehicle was not unconstitutionally tainted.  Gonzalez, 328 F.3d at 759. Further, the record shows that the district court did not err in finding that Hoof voluntarily consented to the search of his person and vehicle.  Accordingly, the district court's judgment is AFFIRMED.